1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
ANTHONY E. SONNETT, SB# 163182
2 |   E-Mail: asonnett@lbbslaw.com
TREVOR J. INGOLD, SB# 193227
3 |   E-Mail: tingold@lbbslaw.com
ALAN ARSHANSKY, SB# 251644
4 |   E-Mail: aarshansky@lbbslaw.com
221 N. Figueroa Street, Suite 1200
5 | Los Angeles, California 90012
Telephone: 213.250.1800
6 | Facsimile: 213.250.7900

7 | Attorneys for Defendant
BNSF RAILWAY COMPANY

8 |

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 |

| | |
|---|---|
| 12 | SEAN DITTON, an individual, | CASE NO. CV12-6932-JGB (JCG) |
| 13 | Plaintiff, | **DEFENDANT BNSF RAILWAY COMPANY'S NOTICE OF** |
| 14 | vs. | **MOTION AND MOTION FOR SUMMARY JUDGMENT OR** |
| 15 | BNSF RAILWAY COMPANY, a Delaware Corporation, and DOES 1 - | **ALTERNATIVELY PARTIAL SUMMARY JUDGMENT;** |
| 16 | 10, inclusive, | **MEMORANDUM OF POINTS AND AUTHORITIES AND** |
| 17 | Defendant. | **DECLARATIONS OF V. ALAN ARSHANSKY, SHANE** |
| 18 | | **COCKSHOTT, AND FOSTER PETERSON IN SUPPORT** |
| 19 | | **THEREOF** |
| 20 | | [Filed Concurrently with [Proposed] Separate Statement of Uncontroverted |
| 21 | | Facts; Separately Bound Volume of Exhibits; and [Proposed] Order] |
| 22 | | |
| 23 | | Judge: Hon. Jesus G. Bernal Date: April 22, 2013 |
| 24 | | Time: 9:00 a.m. Court: 790 |
| 25 | | Trial Date: April 23, 2013 |
| 26 | | |
| 27 | | |
| 28 | | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

YOU ARE HEREBY NOTIFIED that on April 22, 2013 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 790 of the above-entitled Court, defendant BNSF RAILWAY COMPANY ("BNSF") will and hereby does move this Court for summary judgment on the ground that there is no genuine issue as to any material fact and that moving party is entitled to summary judgment as a matter of law.  In the alternative, BNSF hereby moves for Partial Summary Judgment as to the following parts of Plaintiff's Claims:

1.     Plaintiff's claim under the Safety Appliance Act fails as a matter of law because the allegedly defective hand brake was on a railcar that was not "in use" at the time of the incident;

2.     Plaintiff's claim for negligence under the Federal Employers Liability Act ("FELA") fails as a matter of law because BNSF did not have notice of the allegedly defective hand brake and plaintiff's injuries were not foreseeable;

3.     Plaintiff lacks sufficient evidence to establish that BNSF was negligent for failure to provide proper training;

4.     BNSF had no duty to provide plaintiff with a brake stick to perform his work on the date of the incident;

5.     Plaintiff lacks sufficient evidence to establish that BNSF committed any "other acts of negligence;"

6.     Plaintiff's claim for negligence under the FELA fails because plaintiff was the sole cause of his injury.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-3295-1314.4                                                2                              CV 12-6932 JGB (JCG)
DEFENDANT BNSF'S MOTION FOR SUMMARY JUDGMENT

1      This Motion is based upon this Notice of Motion and Motion, the

2  accompanying Memorandum of Points and Authorities, the Separate Statement of

3  Uncontroverted Material Facts filed concurrently herewith, the Separately Bound

4  Volume of Exhibits, the Declaration of Alan Arshansky, the Declaration of Shane

5  Cockshott, the Declaration of Foster Peterson, all papers and pleadings on file in the

6  matter, and upon such other matters as may be presented to the Court at the time of

7  the hearing of this Motion.

8

9  DATED: March 18, 2013       LEWIS BRISBOIS BISGAARD & SMITH LLP

10

11              By:       */s/ V. Alan Arshansky*

12                    Anthony E. Sonnett

13                    Trevor J. Ingold
                    Alan Arshansky

14                    Attorneys for Defendant BNSF RAILWAY
                  COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-3295-1314.4               3               CV 12-6932 JGB (JCG)
DEFENDANT BNSF'S MOTION FOR SUMMARY JUDGMENT

1  MEET AND CONFER COMPLIANCE

2       This motion is made following the meet and confer conference of counsel

3  pursuant to L.R. 7-3. The parties were unable to resolve the issues presented by this

4  motion.

5

6  DATED: March 18, 2013         LEWIS BRISBOIS BISGAARD & SMITH LLP

7

8           By:        */s/ V. Alan Arshansky*

9                 Anthony E. Sonnett

10                 Trevor J. Ingold

               Alan Arshansky

11                 Attorneys for Defendant BNSF RAILWAY

               COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

**I.  INTRODUCTION**................................................................................1

**II. STATEMENT OF FACTS** ................................................ 3

**III. LEGAL STANDARD** ................................................ 5

**IV. ARGUMENT** ................................................ 6

    **A.**    **Plaintiff's SAA Claim Must Fail as a Matter of Law** ........................ 6

        **1.**    **The Allegedly Defective Railcar Was Not "In Use" at the Time of the Incident** ................................ 6

        **2.**    **Plaintiff Has No Evidence to Establish that the Car Was "In Use"**.................................. 8

    **B.**    **Plaintiff's FELA Claim for Negligence Fails as a Matter of Law** ................................ 9

        **1.**    **BNSF Had No Notice of the Allegedly Defective Hand Brake and Plaintiff's Injury Was Not Foreseeable** ................. 9

        **2.**    **Plaintiff Has Insufficient Evidence to Establish The Part of His Claim for Negligence Based on an Alleged Failure to Provide Proper Training** ........................ 12

        **3.**    **BNSF Had No Duty to Provide Plaintiff with the Latest, Best, or Safest Tools to Perform His Work** ............... 13

        **4.**    **Plaintiff Has Insufficient Evidence to Establish The Part of His Claim for Negligence Based on an Alleged "Other Acts of Negligence."**........................ 15

        **5.**    **The Evidence Establishes that Plaintiff Was the Sole Cause of His Injury**................................ 16

**V. CONCLUSION** ................................................ 18

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# <u>TABLE OF AUTHORITIES</u>

## <u>FEDERAL COURT CASES</u>

*Adickes v. S.H. Kerss & Co.*
   398 U.S. 144 (1970) ................................................................................ 6

*Albert v. So. Pacific Transportation Co.*
   30 Cal. App. 529 (1994) ........................................................................ 14

*Anderson v. Liberty Lobby, Inc.*
   477 U.S. 242 (1986) ................................................................................ 6

*Atchison, T. & S. F. R. Co. v. Buell*
   480 U.S. 557 (1987) .............................................................................. 13

*Atlantic Coastline R. Co. v. Dixon*
   189 F.2d 525 (5th Cir. 1951) ................................................................ 13

*Baltimore & O. S. R. Co. v. Carroll*
   280 U.S. 491 (1930) .............................................................................. 13

*Barger v. CSX Transp., Inc.*
   110 F. Supp. 2d 648 (S.D.Ohio 2000) ............................................ 10, 11

*Basinger v. CSX Transp., Inc.*
   91 F.3d 143 (6 Cir. 1996) ...................................................................... 10

*Beal Bank, SSB v. Pittorino*
   177 F. 3d 65 (1st Cir. 1999) .................................................................... 6

*Brady v. Southern Ry. Co.*
   320 U.S. 476 (1943) ................................................................................ 9

*Brady v. Terminal R.R. Assoc. of St. Louis*
   303 U.S. 10 (1938) .................................................................................. 7

*Brown v. CSX Transp., Inc.*
   18 F.3d 245 (4th Cir. 1994) ................................................................... 10

*Celotex v. Catrett*
   477 U.S. 317 (1986) ................................................................ 5, 8, 12, 16

*Chesapeake & Ohio Railway Co.*
   217 F.2d 471 (4th Cir. 1954) ................................................................ 17

*Chicago & Northwestern Ry. Co. v. Bower*
   241 U.S. 470 (1916) ..................................................................... 2, 13, 15

*Coleman v. Burlington Northern, Inc.*
   691 F.2d 542 (8th Cir. 1982) .................................................................. 7

*Conoshenti v. Pub. Serv. Elec. & Gas Co.*
   364 F 3d 135, 140 (3d Cir 2004) ............................................................ 6

DEFENDANT BNSF'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Consolidated Rail Corp. v. Gottshall*
  512 U.S. 532 (1994) .................................................................. 13

*Conway v. Consolidated Rail Corp.*
  720 F.2d 221 (1st Cir. 1983) ..................................................... 13

*CSX Transportation, Inc. v. McBride*
  131 S. Ct. 2630 (2011) ....................................................... 1, 2, 9, 10

*Davis v. Burlington Northern, Inc.*
  541 F.2d 182 (8th Cir. 1976) ..................................................... 10

*Deans v. CSX Transp., Inc.*
  152 F.3d 326 (4th Cir. 1999) ...................................................... 1, 7

*Dewalt v. Consolidated Rail Corp.*
  869 F.2d 1489 (6th Cir. 1989) .................................................... 13

*Duron v. Western Railroad Builders Corp.*
  856 F. Supp. 1538 (D. New Mexico 1994) ................................... 17

*Fifth Circuit in Trinidad v. Southern Pacific Transportation Co.*
  949 F.2d 187 (5th Cir. 1991) ....................................................... 7

*Gallose v. Long Island R. Co.*
  878 F.2d 80 (2d Cir. 1989) .................................................... 10, 11

*Lanham v. CSX Transportation, Inc.*
  1993 U.S. App. LEXIS 13045 (4th Cir. 1993) ............................. 17

*Lujan v. National Wildlife Fed'n.*
  497 U.S. 871 (1990) ....................................................... 9, 12, 16

*MacPherson v. Boston & Maine Corp.*
  439 F.2d 1089 (1st Cir. 1971) ................................................... 17

*Missouri Pacific Railroad Co. v. Aeby*
  275 U.S. 426 (1928) .................................................................... 9

*Morris v. Compagnie Maritime,des Chargeurs Renuis*
  832 F.2d 67 (5th Cir. 1987) ....................................................... 10

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos. Inc.*
  210 F. 3d 1099 (9th Cir. 2000) ................................................ 6, 12

*Padgett v. Southern Ry.*
  396 F.2d 303 (6th Cir. 1968) ..................................................... 13

*Paul v. Genesee & Wyoming Industries, Inc.*
  93 F.Supp2d 310 (W.D.N.Y. 2000) ........................................... 10

*Phillips v. CSX Transp., Inc.*
  190 F.3d 285 (4th Cir. 1999) .................................................... 7, 8

DEFENDANT BNSF'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Sink v. Norfolk & Western Ry. Co.*
    912 F.2d 464 (4th Cir. 1990) ............................................................... 13

*Smith v. Consolidated Rail Corp.*
    91 F.3d 144 (6 Cir. 1996) .................................................................... 10

*Soto v. Southern Pacific Transp. Co.*
    514 F. Supp. 1 (W.D. Tex. 1979) ......................................................... 13

*Soto v. Southern Pacific Transp. Co.*
    644 F.2d 1147 (5th Cir. 1981) ........................................................ 9, 14

*Stillman v. Norfolk & Western Ry. Co.*
    811 F.2d 834 (4th Cir. 1987) ............................................................... 14

*Taylor v. Illinois Central Railroad Co.*
    8 F.3d 584 (7th Cir. 1993) .................................................................. 17

*Trinidad v. Southern Pac. Transp. Co.*
    949 F.2d 187 (5th Cir. 1991) ................................................................. 8

*United States v. Northern P. Ry.*
    254 U.S. 251 (1920) .......................................................................... 7, 8

*United States v. Seaboard Air Lines R. Co.*
    361 U.S. 78 (1959) ............................................................................... 7

*United Steelworkers v. Phelps Dodge Corp.*
    865 F.2d 1539 (9th Cir. 1989) ..................................................... 9, 12, 16

*Walden v. Illinois Central Gulf Railroad Co.*
    975 F.2d 361 7th Cir. 1993 ................................................................. 17

*Williams v. National Railroad Passenger Corp.*
    161 F.3d 1059 (7th Cir. 1998) ............................................................. 10


FEDERAL STATUTES

45 U.S.C. § 51 et. seq ............................................................................... 9

49 U.S.C. § 20302 .............................................................................. 1, 7


FEDERAL RULES AND REGULATIONS

49 C.F.R. § 220.5 .................................................................................... 1

Fed. R. Civ. P. 26(e) ............................................................................... 13

Fed. R. Civ. Proc. 56 ............................................................................ 5, 6

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This case arises out of plaintiff's allegations that on September 2, 2009, he sustained an injury while operating a railcar hand brake[1] at the BNSF La Mirada train yard. The incident occurred during what is commonly known in the railroad industry as a switching operation.[2] Plaintiff's complaint contains two claims under the Federal Employer's Liability Act ("FELA"). Plaintiff's first claim alleges that BNSF is liable because it negligently failed to 1) maintain and repair an allegedly defective hand brake, 2) failed to provide plaintiff proper training, and 3) failed to provide plaintiff with the proper tools to perform his work, namely a "brake stick." Plaintiff's second claim alleges that BNSF is strictly liable for the existence of the defective hand brake which constitutes a violation of the Federal Safety Appliance Act ("SAA").

As will be explained in further detail below, BNSF contends that plaintiff's claim for violation of the SAA fails as a matter of law because the subject railcar was not "in use" at the time of the incident. Whether a railcar is "in use" is a threshold question for the Court to determine, as the SAA only applies to railcars that are *in use* on the railroad's line. *See* 49 U.S.C. § 20302; *Deans v. CSX Transp., Inc.*, 152 F.3d 326, 329 (4th Cir. 1999).

As to plaintiff's claim for negligence under FELA, BNSF submits that each of plaintiff's three theories of liability lack merit and must fail as a matter of law.

---

[1] Hand brakes are equipment on train cars which are used to release and set the brakes on the car. (See photo of an exemplar hand brake attached as Exhibit M).

[2] Pursuant to 49 C.F.R. § 220.5, switching operation means the classification of railcars according to commodity or destination; assembling of cars for train movements; changing the position of cars for purposes of loading, unloading, or weighing; placing of locomotives and cars for repair or storage; or moving of rail equipment in connection with work service that does not constitute a train movement.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

First, plaintiff has no evidence to establish that BNSF had notice of the supposedly defective hand brake and plaintiff's injury was not foreseeable.  According to well-established principles of law, notice and foreseeability are essential elements of plaintiff's claim for negligence under the FELA. *CSX Transportation, Inc. v. McBride*, 131 S. Ct. 2630, 2643 (2011).  Second, plaintiff lacks sufficient evidence to establish that BNSF was negligent for the alleged failure to provide proper training. Third, plaintiff cannot preface liability on the alleged failure to provide him with a brake stick[3] because it is well-settled that a railroad employer has no duty to furnish its employees with the latest, safest or best equipment where reasonably safe alternative methods exist.  *Chicago & Northwestern Ry. Co. v. Bower,* 241 U.S. 470, 474 (1916).  Lastly, even if plaintiff could somehow fashion some evidence of negligence on the part of BNSF, which BNSF vigorously disputes, plaintiff still could not overcome summary judgment because the uncontradicted evidence in this case clearly establishes that plaintiff's alleged injury was caused, if at all, by plaintiff's sole negligence.

Consequently, BNSF hereby moves for summary judgment on the basis that plaintiff cannot present any triable issues of material fact in support of his claims for negligence, or for violation of the SAA.  If for some reason the Court finds complete summary judgment to be inappropriate, BNSF requests partial summary judgment as to each of the three parts of plaintiff's claim for negligence under the FELA and as to plaintiff's claim for violation of the SAA.

/ / /

/ / /

/ / /

---

[3] A brake stick is a convenience tool that consists of a steel pole with a hook type fixture located at the end of the pole. The brake stick can be expanded so as to allow an individual to remain on the ground as opposed to climbing the ladder of a railcar to apply or release a hand brake.



## II.
## STATEMENT OF FACTS

On September 2, 2009, plaintiff was employed by BNSF as a conductor working at the BNSF switching yard located in La Mirada, CA.  (BNSF's Separate Statement of Uncontroverted Facts ("SSUF") No. 1.)  At approximately 3:00 a.m. plaintiff arrived to the La Mirada yard and participated in a job safety briefing during which his job duties for the day were assigned.  (SSUF No. 2.)  Plaintiff was assigned to "switch out" inbound and outbound trains.  (SSUF Nos. 3, 31.)  This task did not require plaintiff to leave the La Mirada yard. (SSUF No. 31; Deposition of Sean Ditton ("Depo of Plaintiff") 100:20-101:14).

An hour or two before plaintiff's shift was to end, plaintiff went to release the hand brake on the second to last railcar of a train on track no. 7.  (SSUF No. 4.)  He got onto the railcar's ladder with his left foot on the bottom rung and his right foot on the car's platform.  He held onto the ladder with his left hand and attempted to pull the quick release lever of the hand brake with his right hand (SSUF No. 5.) Plaintiff testified that the quick release lever on the hand brake would not move. (SSUF No. 6.)  Plaintiff did not sustain any injury while attempting to operate the quick release lever.  (SSUF No. 7.)

Plaintiff then attempted the standard alternative method of releasing the hand brake, which involves turning the hand brake wheel to release the brake with his right hand starting at the 12 o' clock position, turning the wheel in a counterclockwise motion applying steady pressure.  (SSUF No. 8.)  Plaintiff did not require 100% of his strength to turn the hand brake wheel.  (SSUF No. 9.)  He did not hear any noises or grinding sounds coming from the hand brake as it turned; he only heard the normal sound of the brake chain moving under the car.  (SSUF No. 10.)  Plaintiff did not feel it was necessary to call for BNSF's mechanical department to receive assistance with releasing the hand brake.  (SSUF No. 11.) Plaintiff was able to fully release the hand brake.  (SSUF No. 12)  Plaintiff stated

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-3295-1314.4
3
CV 12-6932 JGB (JCG)
DEFENDANT BNSF'S MOTION FOR SUMMARY JUDGMENT

1  only that turning the hand brake wheel was more difficult than normal.  (SSUF No.

2  13.)

3       After releasing the hand brake, plaintiff alleges that he immediately felt a

4  strain or a pull in his lower back.  (Depo of Plaintiff 146:10-17).  Although there

5  were more cars left to switch, he told the rest of his crew that he was going to stop

6  working then went to the yard office to complete his paperwork for the day's job.

7  (Depo of Plaintiff 152:3-6).  Plaintiff left the La Mirada yard on the day of the

8  incident (September 2, 2009) without reporting his alleged injury. (SSUF No. 15.)

9  This is a violation of BNSF policy which requires employees to immediately report

10  all work-related injuries.  (SSUF No. 16.)

11       Plaintiff returned to the La Mirada yard on September 3, 2009 to finish

12  switching the cars that were left behind on the day of the incident.  While lifting up

13  a pin-lifter[4] he again felt pain in his lower back.  (Depo of Plaintiff 156:14-19).

14  There was nothing wrong with the pin-lifter.  (Depo of Plaintiff 157:24-158:1), and

15  plaintiff does not contend that this action caused his injury, only that it triggered

16  pain from the injury he supposedly incurred the night before.  Plaintiff ended his

17  work early and left the La Mirada yard to visit his doctor. (Depo of Plaintiff 159:11-

18  160:13).

19       Plaintiff did not fill out his formal BNSF employee injury report until

20  September 22, 2009.  (SSUF No. 17.)  The employee injury report does not identify

21  the railcar or hand brake which allegedly caused his injury.  (SSUF No. 18.)

22  Plaintiff cannot identify the symbol or number for the railcar equipped with the hand

23  brake which allegedly caused his injury.  (SSUF No. 19.)

24       Plaintiff does not know what caused the release lever to become stuck.

25  (SSUF No. 20.)  Plaintiff has encountered numerous stuck brake release levers over

26  _____

27  [4] Pin-lifters are levers used to open railcar knuckles so that the railcars may be uncoupled and separated.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-3295-1314.4                                    4                    CV 12-6932 JGB (JCG)
DEFENDANT BNSF'S MOTION FOR SUMMARY JUDGMENT

1   the course of his career and this is not an uncommon event.  (SSUF 21.)

2   Furthermore, brake release levers can and do occasionally become stuck during

3   normal operations, and a stuck brake lever is not necessarily an indication of a

4   defect in the brake.  (SSUF No. 22.)  Plaintiff does not know what, if anything, was

5   wrong with the hand brake.  (SSUF No. 23.)  Plaintiff concedes that he is unaware

6   of any prior reports or complaints regarding any problems with the subject release

7   lever or hand brake.  (SSUF No. 24.)

8        Although plaintiff alleges BNSF was negligent for failing to provide him with

9   a brake stick on the day of the incident (see Exhibit A—Complaint, ¶ 10), brake

10  sticks have never been used at the La Mirada Yard.  (SSUF No. 26.) Plaintiff has

11  operated tens of thousands of hand brakes by hand without sustaining injury.  (SSUF

12  No. 28.)  There are no Federal regulations, or internal BNSF Safety rules that

13  **require** handbrakes to be operated with the use of brake sticks. (SSUF No. 29.)

### III.

### LEGAL STANDARD

16       Summary judgment "should be rendered if the pleadings, the discovery and

17  disclosure materials on file, and any affidavits show that there is no genuine issue as

18  to any material fact and that the movant is entitled to judgment as a matter of law."

19  Fed. R. Civ. Proc. 56(c)(2).  A motion for summary judgment "pierces" the pleading

20  and requires an opponent to affirmatively come forward with sufficient evidence for

21  its claims or defenses to create a genuine issue for trial. *Celotex v. Catrett*, 477 U.S.

22  317, 325 (1986).

23       "Summary judgment procedure is properly regarded not as a disfavored

24  procedural shortcut, but rather as an integral part of the Federal Rules as a whole,

25  which are designed to secure the just, speedy and inexpensive determination of

26  every action." *Id*. at 323.  Upon a showing that there is no genuine issue or material

27  fact as to particular claim(s) or defense(s), the court may grant summary judgment

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  in the party's favor "upon all or **any part** thereof."  *Fed. R. Civ. Proc*. 56(a),(b); *see*

2  *Beal Bank, SSB v. Pittorino,* 177 F. 3d 65, 68 (1st Cir. 1999).

3  The initial burden is on the movant for summary judgment to show the

4  absence of a genuine issue of material fact. *Conoshenti v. Pub. Serv. Elec. & Gas*

5  *Co.*, 364 F 3d 135, 140 (3d Cir 2004).  However, the burden on the moving party

6  may be discharged by showing that there is an absence of evidence to support the

7  nonmoving party's case when the nonmoving party bears the ultimate burden of

8  proof.  *Id.*  "If the evidence is merely colorable, or is not significantly probative,

9  summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242,

10  249-250 (1986) (internal citations omitted).

11  The moving party may carry its burden of production on summary judgment

12  either by negating an essential element of the opposing party's claim, *Adickes v. S.H.*

13  *Kerss & Co.*, 398 U.S. 144 (1970), or showing the opposing party does not have

14  enough evidence of an essential element of its claim or defense to carry its ultimate

15  burden of persuasion at trial.  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos. Inc.*,

16  210 F. 3d 1099, 1102 (9th Cir. 2000).  The moving party has no burden to produce

17  evidence negating exposure.

18  As set forth below, BNSF is entitled to summary judgment as a matter of law

19  because plaintiff cannot meet his burden to establish his claim for negligence under

20  the FELA or his claim for violation of the SAA.

21  IV.

22  __ARGUMENT__

23  A.    **Plaintiff's SAA Claim Must Fail as a Matter of Law**

24  1.    **The Allegedly Defective Railcar Was Not "In Use" at the Time of**

25  **the Incident**

26  Whereas the FELA allows recovery in a very broad range of circumstances,

27  the SAA allows recovery in only very narrow circumstances.  In general, a railroad

28  is in violation of the SAA only when it allows trains to be used on its lines without

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  being properly equipped with certain safety appliances, such as automatic couplers,

2  secure sill steps, efficient hand brakes, secure ladders, running boards, grab irons

3  and handholds. See 49 U.S.C. § 20302.  Violation of the SAA which causes injury

4  imposes strict liability on the railroad employer.  *Coleman v. Burlington Northern,*

5  *Inc.*, 691 F.2d 542 (8ᵗʰ Cir. 1982).

6      Strict liability under the SAA applies only to trains or railcars that are "in

7  use." *See* 49 U.S.C. § 20302.  Thus, the plaintiff must prove that the railcar was "in

8  use" for liability to attach under the SAA.  *Brady v. Terminal R.R. Assoc. of St.*

9  *Louis*, 303 U.S. 10 (1938).  The question of whether a railcar was "in use" at the

10  time of a plaintiff's injury is a matter of law for the court to decide.  *Deans v. CSX*

11  *Transp., Inc.*, 152 F.3d 326, 329 (4th Cir. 1999).

12      The courts have employed two main tests in resolving the "in use" question.

13  The first test is the so-called "bright line" test set forth by the Fifth Circuit in

14  *Trinidad v. Southern Pacific Transportation Co.,* 949 F.2d 187 (5th Cir. 1991).  This

15  test provides that a railcar is not "in use" until switching is complete, the train is

16  assembled and all pre-departure inspections are complete.  See *United States v.*

17  *Northern P. Ry.*, 254 U.S. 251, 254-55 (1920).

18      The other primary test relied upon by courts in analyzing the "in use" issue is

19  the "multiple factors test" or totality of the circumstances test initially established by

20  the Fourth Circuit in *Deans, supra,* 152 F.3d 326 and *Phillips v. CSX Transp., Inc.*,

21  190 F.3d 285 (4th Cir. 1999).  Under this test, the primary factors considered are:

22  (1) where the train was located at the time of the incident; and (2) the activity of the

23  injured party.  Both the "bright-line test" and the "multiple factors test" focus on

24  whether the departure of the train was imminent.  *Id.* at 289-90.

25      Many Courts have held that the SAA is not applicable to train cars involved

26  in switching operations.  *Phillips, supra*, 190 F.3d at 289.  Locomotives with cars

27  attached that are engaged in switching operations are not covered by the SAA

28  because they are not "trains" within the meaning of the SAA.  *Seaboard Air Line*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-3295-1314.4                                    7                          CV 12-6932 JGB (JCG)
DEFENDANT BNSF'S MOTION FOR SUMMARY JUDGMENT

1  *R.R. Co.*, 361 U.S. 78, 80 (1959); *United States v. Northern Pac. Ry.,supra*, 254

2  U.S. at 254. "Courts have not applied the [SAA] to trains involved in switching

3  operations, those procedures by which the cars and engines are uncoupled, moved,

4  and reassembled, even though such trains are in motion. Trains that have completed

5  the switching process, and departed for their destinations however, are subject to the

6  Act's requirements, whether or not they are actually in motion when the defect

7  occurs." *Trinidad v. Southern Pac. Transp. Co.,* 949 F.2d 187, 188-89 (5th Cir.

8  1991).

9  Here, plaintiff admitted that he was performing a switching operation within

10 the La Mirada Yard at the time of the incident.  (SSUF Nos. 3, 31.)  Specifically

11 plaintiff was switching out an "inbound train and organizing the cars in the yard"

12 and his work was to be conducted within the confines of the La Mirada yard.  (UMF

13 No. 31.)  Plaintiff also concedes that he had not completed the switching operation

14 at the time of the incident (SSUF No. 33) and that he left the cars (including the

15 unidentified subject car) in the yard to complete the switching operation the next

16 day.  (SSUF No. 34.)  Plaintiff was clearly not working as part of an outbound crew

17 on an imminently departing train.  (SSUF No. 32.)  Thus, under both the "bright-

18 line" and the "multi-factor" tests, the subject railcar could not be considered "in use"

19 at the time of the incident.  As the unidentified railcar was not considered "in use"

20 during the switching operation, the SAA will not apply, and plaintiff's second cause

21 of action for violation of the SAA must fail as a matter of law.

22  **2.  Plaintiff Has No Evidence to Establish that the Car Was "In Use"**

23 Plaintiff's responses to discovery show that he has no evidence to establish

24 that the "car" was in use.  Where the party moving for summary judgment does not

25 bear the burden of proof at trial, it may show that no genuine issue of material fact

26 exists by demonstrating that "there is an absence of evidence to support the non-

27 moving party's case." *Celotex, supra*, 477 U.S. at 325. BNSF, as the moving party,

28 is not required to produce evidence showing the absence of a genuine issue of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-3295-1314.4                                                 8                                    CV 12-6932 JGB (JCG)
DEFENDANT BNSF'S MOTION FOR SUMMARY JUDGMENT

1   material fact, nor is it required to offer evidence negating plaintiff's claim. *Lujan v.*
2   *National Wildlife Fed'n*, 497 U.S. 871, 885 (1990); *United Steelworkers v. Phelps*
3   *Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989).

4      Plaintiff's discovery responses clearly show that he has no evidence that the
5   car had undergone pre-departure air brake tests or a pre-departure inspection and
6   does not know if the car was part of a train scheduled to depart.   (SSUF Nos. 35-
7   37.) As such, it is impossible for plaintiff to meet his burden to establish that the
8   subject railcar was "in use" under the Court-delineated tests set forth above.

9   **B.   Plaintiff's FELA Claim for Negligence Fails as a Matter of Law**

10     **1.   BNSF Had No Notice of the Allegedly Defective Hand Brake and**
11         **Plaintiff's Injury Was Not Foreseeable**

12     As the SAA does not apply to the instant facts, the Court must next examine
13   plaintiff's claim for negligence under 45 U.S.C. § 51 et. seq. of the FELA, which
14   states in relevant part:

15   > Every common carrier by railroad while engaging in commerce
16   > between any of the several states or territories, . . .shall be liable and
17   > damages to any person suffering injury while he is employed by such
18   > carrier in such commerce, . . .for such injury or death resulting in whole
19   > or in part from the negligence of any of the officers, agents, or
20   > employees of such carrier, or by reason of any defect or insufficiency,
21   > due to its negligence, in its cars, engines, appliances, machinery, track,
22   > roadbed, works, boats, wharves, or other equipment.

21     FELA requires that employer liability arise from negligence which causes an
22   employee's injury. *Brady v. Southern Ry. Co.,* 320 U.S. 476, 484 (1943).  It is well-
23   established that the fact that an accident occurred is not evidence of negligence.
24   *Missouri Pacific Railroad Co. v. Aeby,* 275 U.S. 426, 430 (1928).  FELA is not a
25   workers' compensation system, but is instead a fault-based scheme and employer
26   negligence is a prerequisite to liability.  *Soto v. Southern Pacific Transp. Co.,* 644
27   F.2d 1147 (5th Cir. 1981).
28   / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-3295-1314.4                    9                    CV 12-6932 JGB (JCG)
DEFENDANT BNSF'S MOTION FOR SUMMARY JUDGMENT

1      A plaintiff's prima facie case under FELA must include all the same elements

2  as are found in a common law negligence action and includes the element of

3  foreseeability.  *Davis v. Burlington Northern, Inc.,* 541 F.2d 182 (8th Cir. 1976); *see*

4  *also Brown v. CSX Transp., Inc*., (4th Cir. 1994) 18 F.3d 245 (4th Cir. 1994)

5  (internal citations omitted).  Reasonable foreseeability of harm is "an essential

6  ingredient of [FELA] negligence." *CSX Transp., Inc. v. McBride*, 131 S. Ct. 2630,

7  2643 (2011).

8      With respect to foreseeability in actions under FELA, the essential element is

9  actual or constructive notice to the employer of the defective condition that caused

10  the injury.  *Paul v. Genesee & Wyoming Industries, Inc*., 93 F.Supp2d 310

11  (W.D.N.Y. 2000); *Morris v. Compagnie Maritime des Chargeurs Renuis,* 832 F.2d

12  67 (5th Cir. 1987) (no negligence if no knowledge of the defect).  Plaintiff has the

13  burden to prove that BNSF had actual or constructive knowledge of the condition

14  which allegedly caused his injury. *Gallose v. Long Island R. Co*., 878 F.2d 80, 85

15  (2d Cir. 1989) (holding that the catalyst which ignites [a FELA defendant's] duty is

16  knowledge, either actual or constructive, of injury causing condition).

17      To prevail on his FELA claim, plaintiff must demonstrate that BNSF had

18  actual or constructive notice of the alleged defect prior to the incident, and that

19  plaintiff's injury was reasonably foreseeable.  *Barger v. CSX Transp., Inc.*, 110 F.

20  Supp. 2d 648 (S.D.Ohio 2000).  The *Barger* case exemplifies the long standing rule

21  that, for an FELA plaintiff to recover for an injury caused by some defect in the

22  work premises or equipment, he must demonstrate that the railroad defendant had

23  actual or constructive notice or knowledge of that defect prior to his injury and in

24  time to have corrected the situation.  *See also Basinger v. CSX Transp., Inc.*, 91 F.3d

25  143 (6 Cir. 1996); *Smith v. Consolidated Rail Corp.*, 91 F.3d 144 (6 Cir. 1996);

26  *Williams v. National Railroad Passenger Corp*., 161 F.3d 1059 (7th Cir. 1998)

27  (failure to show actual or constructive knowledge of a defective locomotive door or

28  that the railroad could have discovered the defect upon inspection precluded

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-3295-1314.4            10            CV 12-6932 JGB (JCG)
DEFENDANT BNSF'S MOTION FOR SUMMARY JUDGMENT

1   plaintiff's FELA claim).

2         In *Barger*, the granting of CSX's motion for summary judgment was

3 predicated primarily upon the plaintiff's inability to come forward with proof of

4 actual or constructive knowledge or notice of the alleged defect.  Just as in *Barger*,

5 plaintiff in the instant matter contends that BNSF was negligent in its use of a

6 defective hand brake on an unidentified railcar.  Thus, plaintiff has the burden to

7 produce some evidence that BNSF had actual or constructive knowledge of the

8 allegedly defective hand brake and that his resulting injury was foreseeable. *Barger,*

9 *supra*, 110 F. Supp. 2d at 653.  Plaintiff simply cannot meet this burden based on the

10 uncontroverted facts within the record.

11         Assuming arguendo that the subject hand brake was defective, plaintiff has

12 not identified the railcar upon which the hand brake was equipped.  (SSUF Nos. 18-

13 19.)  Simple logic dictates that BNSF could not have knowledge of any problems or

14 unsafe conditions on a vehicle that has never been identified.  Regardless, as a

15 matter of law, the burden to prove BNSF's prior notice of the allegedly defective

16 condition of the hand brake (notice being an essential element of plaintiff's claim)

17 falls squarely on the plaintiff.  *Gallose, supra*, 878 F.2d at 85.

18         Plaintiff concedes that he is unaware of any reports, complaints, notices or

19 other forms of communication provided to BNSF regarding any problems with the

20 subject hand brake (SSUF Nos. 24, 25.)  Moreover, plaintiff cannot identify the

21 allegedly defective equipment at issue.  (SSUF Nos. 18-19.)  Therefore the parties

22 have no means by which to show BNSF had any prior knowledge of any unsafe

23 conditions of the unidentified hand brake.  As BNSF had no notice of the allegedly

24 defective condition of the hand brake, it follows that BNSF could not have foreseen

25 that plaintiff would suffer injury from the use thereof.  As plaintiff carries burden of

26 persuasion at the time of trial as to the essential elements of notice and

27 foreseeability, and plaintiff does not have enough evidence to establish these

28 elements, BNSF is entitled to summary judgment as a matter of law. *Nissan Fire &*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-3295-1314.4                     11               CV 12-6932 JGB (JCG)
DEFENDANT BNSF'S MOTION FOR SUMMARY JUDGMENT

1 | *Marine Ins. Co., Ltd., supra*, 210 F. 3d at 1102.

2 | **2.      Plaintiff Has Insufficient Evidence to Establish The Part of His**

3 | **Claim for Negligence Based on an Alleged Failure to Provide**

4 | **Proper Training**

5 | Although plaintiff alleges that BNSF was negligent for failing to provide him

6 | sufficient training, plaintiff's testimony at deposition and responses to discovery

7 | show that he has no evidence to establish this claim.  Where the party moving for

8 | summary judgment does not bear the burden of proof at trial, it may show that no

9 | genuine issue of material fact exists by demonstrating that "there is an absence of

10 | evidence to support the non-moving party's case." *Celotex, supra*, 477 U.S. at 325.

11 | BNSF, as the moving party, is not required to produce evidence showing the

12 | absence of a genuine issue of material fact, nor is it required to offer evidence

13 | negating plaintiff's claim. *Lujan, supra*, 497 U.S. at 885; *United Steelworkers,*

14 | *supra*, 865 F.2d at 1542.

15 | Plaintiff testified that he received training from BNSF as to how to operate

16 | hand brakes as well as how to safely perform his work in the yard.  (SSUF No. 38.)

17 | Moreover, plaintiff concedes that his training also included how to tie and untie

18 | hand brakes in the safest way possible.  (SSUF No. 39.)

19 | Plaintiff has no evidence that BNSF failed to provide sufficient training.

20 | (SSUF No. 40.)  In response to BNSF's Interrogatory No. 4, which calls for all facts

21 | in support of his claim that BNSF failed to provide sufficient training, plaintiff

22 | failed to provide a substantive response stating "Discovery is ongoing."  (See

23 | Exhibit J—Plaintiff's Response to BNSF's Special Interrogatory No. 4.)  Plaintiff

24 | thereafter supplemented his response in November of 2012, stating that he had "not

25 | yet had an opportunity to depose railroad personnel…[and]…[a]s such, Plaintiff

26 | does not have sufficient information that would allow him to provide a meaningful

27 | response to this interrogatory at this time."  (See Exhibit K—Plaintiff's

28 | Supplemental Response to BNSF's Special Interrogatory No. 4.)  Plaintiff never

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-3295-1314.4                                          12                           CV 12-6932 JGB (JCG)
DEFENDANT BNSF'S MOTION FOR SUMMARY JUDGMENT

1 further supplemented his response pursuant to Federal Rule of Civil Procedure

2 26(e).  (See Declaration of Alan Arshansky ("Arshansky Decl."), ¶ 11.)  As plaintiff

3 bears the burden of proof at trial and cannot produce any evidence in support of this

4 part of his claim, BNSF is entitled to summary judgment as a matter of law.

5 **3.      BNSF Had No Duty to Provide Plaintiff with the Latest, Best, or**

6 **Safest Tools to Perform His Work**

7 Plaintiff also improperly bases his claim for negligence against BNSF merely

8 upon on an alleged failure to provide him with a brake stick to perform his work on

9 the day of the incident.

10 The Supreme Court has held that railroads have a duty to furnish their

11 employees with a safe place to work and suitable tools and appliances with which to

12 perform their duties.  *Atchison, T. & S. F. R. Co. v. Buell*, 480 U.S. 557, 558 (1987);

13 *Baltimore & O. S. R. Co. v. Carroll*, 280 U.S. 491, 495 (1930).  However, a railroad

14 is not the insurer of its employees' safety.  *See Consolidated Rail Corp. v. Gottshall*,

15 512 U.S. 532, 543 (1994); *Baltimore & O.S.R. v. Carroll,* 280 U.S. 491, 496 (1930);

16 *Conway v. Consolidated Rail Corp.*, 720 F.2d 221, 223 (1st Cir. 1983).  The FELA

17 "does not contemplate absolute elimination of all dangers, but only the elimination

18 of those dangers which could be removed by reasonable care on the part of the

19 employer."  *Padgett v. Southern Ry.*, 396 F.2d 303, 306 (6th Cir. 1968).

20 Under FELA, a railroad "is not required to furnish the employee with the

21 latest, best, or most perfect appliances with which to work"  *Chicago &*

22 *Northwestern Ry. Co. v. Bower*, 241 U.S. 470, 474 (1916) ; *Sink v. Norfolk &*

23 *Western Ry. Co.*, 912 F.2d 464 (4th Cir. 1990); *Dewalt v. Consolidated Rail Corp.*,

24 869 F.2d 1489 (6th Cir. 1989); *Atlantic Coastline R. Co. v. Dixon*, 189 F.2d 525,

25 527 (5th Cir. 1951).  "Since the railroad employer is charged with the duty of

26 providing the employee with reasonably safe equipment in order to meet that

27 responsibility, the employer must be accorded the privilege of selecting the

28 equipment."  *Soto v. Southern Pacific Transp. Co.,* 514 F. Supp. 1, 4 (W.D. Tex.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-3295-1314.4

13

CV 12-6932 JGB (JCG)

DEFENDANT BNSF'S MOTION FOR SUMMARY JUDGMENT

1   1979).

2       Federal courts have consistently held that the proper inquiry is whether the

3   railroad exercised reasonable care for its employee's safety, not whether the tools or

4   procedures utilized by the railroad could have been made safer. *Stillman v. Norfolk*

5   *& Western Ry. Co.*, 811 F.2d 834, 838 (4th Cir. 1987). "The failure to provide an

6   employee with alternative means to do his job is not negligence unless the means

7   provided are inherently unsafe." *Albert v. So. Pacific Transportation Co.* (1994) 30

8   Cal. App. 4th 529, 536; *Stillman*, *supra,* 811 F.2d at 838 (trial court properly

9   excluded testimony regarding safer alternative methods of installing gears in

10  railroad cars as irrelevant to the question of the railroad's negligence); *Soto, supra*,

11  644 F.2d 1147, 1148 (the existence of more advanced methods or equipment for

12  performing work is of no significance where the method used during the subject

13  accident was not inherently unsafe.)

14      Here, plaintiff contends, in conclusory fashion, that BNSF was negligent in

15  part for failing to provide him a brake stick to perform his work. (See Exhibit J—

16  Plaintiff's Response to BNSF's Special Interrogatory No. 1 and No. 2; Complaint, ¶

17  10; Arshansky Decl., ¶¶ 2,7.)  Although plaintiff testified that he has used brake

18  sticks in the past during his work in Denver, Colorado at a BNSF receiving train

19  yard, plaintiff admits that he has never seen one at the La Mirada switching yard.

20  (SSUF No. 19.)  Moreover, plaintiff's supervisors, Jack Osborne and Shane

21  Cockshott, as well as former BNSF supervisor, Jason Girdler, confirm that brake

22  sticks have never been used at the La Mirada yard.  (SSUF No. 26.)  Tellingly,

23  plaintiff conceded that he has operated tens of thousands of hand brakes in the past

24  without the use of a brake stick and did not sustain prior injury.  (SSUF No. 27.)

25      Although it should go without saying, the universally accepted method for the

26  operation of "hand" brakes has always been by hand.  (SSUF No. 41.)  Brake sticks

27  are primarily used for reaching handbrakes from the ground level as opposed to

28  requiring crew members to climb railcar ladders.  (Declaration of Foster Peterson, ¶

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-3295-1314.4
14
CV 12-6932 JGB (JCG)
DEFENDANT BNSF'S MOTION FOR SUMMARY JUDGMENT

12.)  Brake sticks are not specifically designed for the purpose of releasing more difficult to turn hand brakes or for operating release levers.  (SSUF No. 42.)  The Federal Railroad Administration[5] ("FRA") requires that all railroads across the U.S. adopt the General Code of Operations ("GCOR") which sets forth general rules regarding the safe operation of rail equipment including hand brakes.  Although the GCOR has undergone several revisions since its first publication in 1985, it is instructive that no rule has ever been adopted that requires the use of brake sticks for the safe operation of hand brakes.  (SSUF No. 30.)

In sum, BNSF had no duty to provide plaintiff with a brake stick (which is essentially a convenience tool) as he cannot establish that the normal method of operation of hand brakes (i.e. by hand) is inherently unsafe.  *Chicago & Northwestern Ry. Co., supra*, 241 U.S. at 474.  Thus, BNSF respectfully submits that the Court should find that BNSF had no duty to provide plaintiff with a brake stick and that summary judgment should be granted as to this part of plaintiff's claim.

> **4.    Plaintiff Has Insufficient Evidence to Establish The Part of His Claim for Negligence Based on an Alleged "Other Acts of Negligence."**

Plaintiff alleges that BNSF committed "other acts of negligence."  (See Exhibit A—Complaint, ¶ 10.  However, plaintiff has not substantiated this claim.  Plaintiff's responses to discovery show that he has no evidence to establish this claim.  (SSUF No. 43.)  Where the party moving for summary judgment does not bear the burden of proof at trial, it may show that no genuine issue of material fact

---

[5] The FRA is an agency in the United States Department of Transportation. The agency was created by the Department of Transportation Act of 1966.  The purpose of FRA is to promulgate and enforce rail safety regulations, administer railroad assistance programs, conduct research and development in support of improved railroad safety and national rail transportation policy, and consolidate government support of rail transportation activities.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-3295-1314.4                                    15                        CV 12-6932 JGB (JCG)
DEFENDANT BNSF'S MOTION FOR SUMMARY JUDGMENT

exists by demonstrating that "there is an absence of evidence to support the non-moving party's case." *Celotex, supra*, 477 U.S. at 325. BNSF, as the moving party, is not required to produce evidence showing the absence of a genuine issue of material fact, nor is it required to offer evidence negating plaintiff's claim. *Lujan, supra*, 497 U.S. at 885; *United Steelworkers, supra*, 865 F.2d 1539, 1542 (9th Cir. 1989).

In response to BNSF's Interrogatories No. 5 and, which call plaintiff to identify each "other act" of negligence and state all facts in support of his claim respectively, plaintiff at first failed to provide a substantive response stating "Discovery is ongoing." (Exhibit J—Plaintiff's Response to BNSF's Special Interrogatories No. 5 and No. 6.)  Plaintiff's response to a request for production asking for documents relating to these claims received the same response.  (See Exhibit L—Plaintiff's Response to Requests for Production No. 5 and 6).

Plaintiff supplemented his responses to Special Interrogatories No. 5 and No. 6 in November of 2012, stating that "Plaintiff has not yet had an opportunity to depose railroad personnel… [and]… [a]s such, Plaintiff does not have sufficient information that would allow him to provide a meaningful response to this interrogatory at this time."  (See Exhibit K—Plaintiff's Supplemental Response to Special Interrogatories No. 5 and 6).  To date, with just over a month left before trial, plaintiff has not further supplemented these responses.  (Arshansky Decl., ¶ 11.)

As plaintiff bears the burden of proof at trial and cannot produce any evidence in support of this part of his claim, BNSF is entitled to summary judgment as a matter of law.

**5.    The Evidence Establishes that Plaintiff Was the Sole Cause of His Injury**

Even if plaintiff could somehow fashion some evidence to suggest negligence on the part of BNSF, which plaintiff clearly cannot (as explained above), plaintiff

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-3295-1314.4                                16                    CV 12-6932 JGB (JCG)
DEFENDANT BNSF'S MOTION FOR SUMMARY JUDGMENT

1  still could not overcome summary judgment because he could not show a causal

2  nexus between the alleged negligence and plaintiff's injury.  The undisputed

3  evidence in this case proves that plaintiff's alleged injury was caused, if at all, solely

4  by plaintiff's own negligence.

5      "If the plaintiff is the sole cause of his injuries, there can be no other cause

6  and the defendant is absolved of responsibility."  *Taylor v. Illinois Central Railroad*

7  *Co.,* 8 F.3d 584, 587 (7th Cir. 1993); *see also Walden v. Illinois Central Gulf*

8  *Railroad Co.,* 975 F.2d 361 7th Cir. 1993); *Duron v. Western Railroad Builders*

9  *Corp.*, 856 F. Supp. 1538  (D. New Mexico 1994).  The railroad is not liable "if the

10  evidence establishes that the sole cause of an employee's injuries is the employee's

11  failure to exercise reasonable care for his own safety."  *Lanham v. CSX*

12  *Transportation, Inc.*, 1993 U.S. App. LEXIS 13045, *6 (4th Cir. 1993) (citing

13  *MacPherson v. Boston & Maine Corp.,* 439 F.2d 1089, 1091 (1st Cir. 1971), *cert*

14  *denied*, 404 U.S. 947; *Chesapeake & Ohio Railway Co.*, 217 F.2d 471, 474 (4th Cir.

15  1954).

16      In the instant case, plaintiff testified at deposition that the subject hand brake

17  looked like the vertical handbrake depicted in Exhibit (SSUF No. 50), and plaintiff's

18  body positioning indicates that he was operating a vertical handbrake at the time of

19  the alleged incident.  (UMF No. 51.)  Specifically, plaintiff claims that he was

20  standing on the railcar's ladder with his left foot on the bottom rung and his right

21  foot on the car's platform holding on to the ladder with his left hand when he

22  attempted to pull the quick release lever of the hand brake with his right hand.

23  (SSUF No. 5.)  Rule 13.6.3 of BNSF's TY&E Safety Rules entitled "Position to

24  Operate" provides instruction on the body positioning to use while operating a

25  vertical handbrake.  (SSUF No. 52.)  Rule 13.6.3 states:

26      1. Stand on the brake step or crossover platform to operate hand
        brakes.

27      2. Apply hand brakes by standing on the left side of the brake with
        your left foot on the ladder rung and your right foot on the brake

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-3295-1314.4                                17                        CV 12-6932 JGB (JCG)
DEFENDANT BNSF'S MOTION FOR SUMMARY JUDGMENT

platform.

   3.  Grasp the ladder rung or top handhold with your left hand and operate the brake with your right hand.

(SSUF No. 53.)  BNSF TY&E Safety Rule 13.6.6 entitled "Vertical Wheel" provides instruction for the safe operation of a vertical wheel hand brake.  Rule 13.6.6 states:

> To release hand brakes equipped with a short release lever, rotate the lever clockwise to the OFF position, pushing firmly until the brake release.  If the quick release lever does not release the brake, operate the wheel with steady pressure.  **If the wheel does not easily release the brake, apply air to the car or get help.**  If the brakes still do not operate, bad-order the car.

(SSUF No. 54.)

     Plaintiff claims that turning the hand brake wheel was more difficult than normal. (SSUF No. 13.)  However, he did not apply air to the car or get help as Rule 16.6.6 explicitly instructs.  (SUF Nos. 11, 55.)   Furthermore, plaintiff's former supervisor confirms that one should get help when the handbrake is difficult to turn. (Exhibit O, Deposition of Jason Girdler, 46:5-47:7).  Furthermore, Rule 1.4.7 of the TY&E Safety Rules entitled "Physical Exertion" prohibits plaintiff from using excessive force to accomplish tasks.  (SSUF No. 56.)  Plaintiff admits that he was familiar with the TY&E Safety Rules, including Rules 1.4.7 and 13.6.6 at the time of the incident.  (SSUF No. 49.)  Plaintiff's injury was clearly caused by his own failure to follow BNSF's safety rules and not by any negligence on the part of BNSF.

## V.

## <u>CONCLUSION</u>

     Based on the foregoing, BNSF respectfully requests that the Court grant summary judgment in favor of BNSF and against Plaintiff as there are no triable issues of material fact as to plaintiff's claims in the entirety.  In the event summary

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  judgment is not granted in the entirety, BNSF respectfully requests that the Court

2  grant partial summary judgment as to plaintiff's SAA claim because the unidentified

3  railcar was not "in use" at the time of the incident and as to each part of plaintiff's

4  claim for negligence under the FELA.

5

6  DATED: March 18, 2013              LEWIS BRISBOIS BISGAARD & SMITH LLP

7

8

9                                    By:      /s/ Alan Arshansky
                                             _____

10                                           Anthony E. Sonnett
                                             Trevor J. Ingold
11                                           Alan Arshansky
                                             Attorneys for Defendant BNSF RAILWAY
12                                           COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW