**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ANTHONY E. SONNETT, SB# 163182
  E-Mail: asonnett@lbbslaw.com
TREVOR J. INGOLD, SB# 193227
  E-mail: tingold@lbbslaw.com
V. ALAN ARSHANSKY, SB# 251644
  E-Mail: aarshansky@lbbslaw.com
221 N. Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant
BNSF RAILWAY COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN DITTON,<br><br>           Plaintiff,<br><br>      vs.<br><br>BNSF RAILWAY COMPANY, a Delaware Corporation, and DOES 1-10, inclusive,<br><br>           Defendants. | CASE NO. CV12-6932-JGB-JCG<br><br>**DEFENDANT BNSF RAILWAY COMPANY'S RESPONSE TO PLAINTIFF SEAN DITTON'S OBJECTIONS TO EVIDENCE IN SUPPORT OF BNSF RAILWAY COMPANY'S MOTION FOR SUMMARY JUDGMENT.**<br><br>Judge: Hon. Jesus G. Bernal<br>Date:  April 29, 2013<br>Time:  9:00 a.m.<br>Crtrm.: 1<br><br>Trial Date:      August 20, 2013 |

Defendant BNSF Railway Company ("BNSF") hereby responses to plaintiff Sean Ditton's ("plaintiff") objections to BNSF's evidence in support of BNSF's Motion for Summary Judgment or, in the Alternative, Motion for Partial Summary Judgment.

4842-7484-4179.1

DEFENDANT BNSF RAILWAY COMPANY'S RESPONSE TO PLAINTIFF SEAN DITTON'S OBJECTIONS TO EVIDENCE IN SUPPORT OF BNSF RAILWAY COMPANY'S MOTION FOR SUMMARY JUDGMENT.

| Fact No. | Fact | Plaintiff's Objection | BNSF's Response |
|---|---|---|---|
| 15. | Plaintiff left the La Mirada yard on the day of the incident (September 2, 2009) without reporting his alleged injury. | Irrelevant. F.R.E. 402. | This fact is relevant to the issues of notice and foreseeability. As plaintiff failed to timely report the alleged injury BNSF was unable to investigate whether the handbrake had any problems or to determine which handbrake or which rail car was supposedly involved in the incident.  As plaintiff is unable or unwilling to identify the subject handbrake or railcar there is no evidence to suggest BNSF had prior notice or should have known about the allegedly defective handbrake or that plaintiff's alleged injury was foreseeable.<br><br>As BNSF's Motion for Summary Judgment ("the Motion") is based in part on the lack of notice and foreseeability of plaintiff's alleged injury, plaintiff's relevance objection must be overruled. |
| 16. | Failure to immediately report a work-related injury is a violation of BNSF policy and rules which require employees to immediately report all work-related injuries. | Irrelevant. F.R.E. 402. | This fact is relevant to the issues of notice and foreseeability. As plaintiff failed to timely report the alleged injury BNSF was unable to investigate whether the handbrake had any problems or to determine which handbrake or which rail car was supposedly involved in the incident.  As plaintiff is unable or unwilling to identify the subject handbrake or railcar there is no evidence to suggest BNSF had prior notice or should have known about the |

4842-7484-4179.1

2

DEFENDANT BNSF RAILWAY COMPANY'S RESPONSE TO PLAINTIFF SEAN DITTON'S OBJECTIONS TO EVIDENCE IN SUPPORT OF BNSF RAILWAY COMPANY'S MOTION FOR SUMMARY JUDGMENT.

| | | | |
|---|---|---|---|
| | | | allegedly defective handbrake or that plaintiff's alleged injury was foreseeable.<br><br>As the Motion is based in part on the lack of notice and foreseeability, plaintiff's relevance objection must be overruled. |
| 17. | Plaintiff did not fill out his formal BNSF employee injury report until September 22, 2009. | Irrelevant. F.R.E. 402. | This fact is relevant to the issues of notice and foreseeability. As plaintiff failed to timely report the alleged injury BNSF was unable to investigate whether the handbrake had any problems or to determine which handbrake or which rail car was supposedly involved in the incident.  As plaintiff is unable or unwilling to identify the subject handbrake or railcar there is no evidence to suggest BNSF had prior notice or should have known about the allegedly defective handbrake or that plaintiff's alleged injury was foreseeable.<br><br>As the Motion is based in part on the lack of notice and foreseeability, plaintiff's relevance objection must be overruled. |
| 31. | Plaintiff's task on the day of the alleged incident involved switching out an "inbound train and organizing the cars in the yard" and his work was to be conducted within the confines of the La Mirada yard. | Irrelevant. F.R.E. 402. | This fact is relevant to the factors that the Court may consider to determine whether the subject rail equipment was "In Use" at the time of the incident. It tends to show at a minimum that plaintiff was involved in a switching operation, that plaintiff was not part of an outbound crew, and the |

4842-7484-4179.1

3

DEFENDANT BNSF RAILWAY COMPANY'S RESPONSE TO PLAINTIFF SEAN DITTON'S OBJECTIONS TO EVIDENCE IN SUPPORT OF BNSF RAILWAY COMPANY'S MOTION FOR SUMMARY JUDGMENT.

| | | | |
|---|---|---|---|
| | | | subject rail equipment was not part of a train scheduled for imminent departure.<br><br>As the Motion is based in part upon whether the rail equipment was "In Use," plaintiff's relevance objection must be overruled. |
| 32. | Plaintiff was not working as part of an outbound crew on an imminently departing train. | Irrelevant. F.R.E. 402. | This fact goes directly to one of the factors that the Court may consider to the determine whether the rail equipment at issue was "In Use" at the time of the incident.<br><br>As the Motion is based in part upon whether the rail equipment was "In Use," plaintiff's relevance objection must be overruled. |
| 33. | Plaintiff had not completed the switching operation at the time of the incident. | Irrelevant. F.R.E. 402. | This fact is relevant to the factors that the Court may consider to determine whether the subject rail equipment was "In Use" at the time of the incident. It tends to show at a minimum that plaintiff was involved in a switching operation, that plaintiff was not part of an outbound crew, that the train had not undergone pre-departure inspections and the subject rail equipment was not part of a train scheduled for imminent departure.<br><br>As the Motion is based in part upon whether the rail equipment was "In Use," plaintiff's relevance objection must be overruled. |

4842-7484-4179.1

4

DEFENDANT BNSF RAILWAY COMPANY'S RESPONSE TO PLAINTIFF SEAN DITTON'S OBJECTIONS TO EVIDENCE IN SUPPORT OF BNSF RAILWAY COMPANY'S MOTION FOR SUMMARY JUDGMENT.

| | | | |
|---|---|---|---|
| 34. | Plaintiff left the cars (including the unidentified subject car) in the yard to complete the switching operation the next day. | Irrelevant. F.R.E. 402. | This fact is relevant to the factors that the Court may consider to determine whether the subject rail equipment was "In Use" at the time of the incident. It tends to show at a minimum that plaintiff was involved in a switching operation, that plaintiff was not part of an outbound crew, that the train had not undergone pre-departure inspections and the subject rail equipment was not part of a train scheduled for imminent departure.<br><br>As the Motion is based in part upon whether the rail equipment was "In Use," plaintiff's relevance objection must be overruled. |
| 35. | Plaintiff has no evidence that the car had undergone pre-departure air brake tests. | Irrelevant. F.R.E. 402. | This fact goes directly to one of the factors that the Court may consider to the determine whether the rail equipment at issue was "In Use" at the time of the incident.<br><br>As the Motion is based in part upon whether the rail equipment was "In Use," plaintiff's relevance objection must be overruled. |
| 36. | Plaintiff has no evidence that the car had undergone a pre-departure inspection. | Irrelevant. F.R.E. 402. | This fact goes directly to one of the factors that the Court may consider to the determine whether the rail equipment at issue was "In Use" at the time of the incident.<br><br>As the Motion is based in part upon whether the rail equipment was "In Use," plaintiff's relevance objection must be overruled. |

4842-7484-4179.1

5
DEFENDANT BNSF RAILWAY COMPANY'S RESPONSE TO PLAINTIFF SEAN DITTON'S OBJECTIONS TO EVIDENCE IN SUPPORT OF BNSF RAILWAY COMPANY'S MOTION FOR SUMMARY JUDGMENT.

| 37. | Plaintiff has no evidence that the car was part of a train scheduled to depart. | Irrelevant. F.R.E. 402. | This fact goes directly to one of the factors that the Court may consider to the determine whether the rail equipment at issue was "In Use" at the time of the incident.<br><br>As the Motion is based in part upon whether the rail equipment was "In Use," plaintiff's relevance objection must be overruled. |
|---|---|---|---|

DATED: April 15, 2013   LEWIS BRISBOIS BISGAARD & SMITH LLP


By: /s/ V. Alan Arshansky
    Anthony E. Sonnett
    V. Alan Arshansky
    Attorneys for Defendant
    BNSF RAILWAY COMPANY

4842-7484-4179.1

6

DEFENDANT BNSF RAILWAY COMPANY'S RESPONSE TO PLAINTIFF SEAN DITTON'S OBJECTIONS TO EVIDENCE IN SUPPORT OF BNSF RAILWAY COMPANY'S MOTION FOR SUMMARY JUDGMENT.